# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DEMETRIUS LATSON**<br>    **LA. DOC # 161034**<br>**VS.** | **CIVIL ACTION NO. 08-1962**<br><br>**SECTION P**<br><br>**JUDGE JAMES** |
| **DENNIS V. JOHNSON, WARDEN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Demetrius Latson, proceeding *in forma pauperis*, filed the instant civil rights complaint on December 15, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana and he complains that on November 14, 2008, Warden Dennis V. Johnson interfered with plaintiff's grievance directed to the Department of Corrections. According to plaintiff, the Warden intercepted his grievance, read it, and answered the grievance even though he was without authority to do so.

Plaintiff prays for a transfer to the Bunkie Detention Center and a reduction in Warden Johnson's rank. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

Plaintiff is an LDOC inmate serving his sentence at the Franklin Parish Detention Center. On November 12, 2008, plaintiff submitted an administrative remedies procedure grievance to the LDOC. In the hand-written grievance he complained that he was being denied a request for a

transfer to an LDOC facility where he could participate in work-release. He also complained that his request for a formal grievance form was denied by Assistant Wardens Hilton and Johnson on November 12, 2008. Plaintiff also complained about inadequate fire safety, the lack of rehabilitation and educational services, inadequacies in the law library, insufficient recreation, and cruel and unusual disciplinary punishments. He requested an immediate transfer. [rec. doc. 4, p. 3]

On December 4, 2008, Warden Johnson responded to the grievance by reminding plaintiff that he would be transferred if another detention center agreed to take him. Johnson also reminded plaintiff that he had previously agreed that he would not need a formal grievance form. Finally, Johnson disputed plaintiff's assertions about fire protection and disciplinary punishments. [rec. doc. 4, p. 2]

Plaintiff asserts that this activity amounted to interference with his "legal mail" and warrants an order directing the defendant to transfer him to another prison and a reduction in rank for Warden Johnson.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint alleges facts sufficient to conduct and conclude a preliminary screening pursuant to §1915. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his complaint is frivolous.

## 2. Interference with Grievance Process

Plaintiff implies that the defendant interfered with his legal mail; however, upon closer

3

inspection, it appears that he is actually complaining that the Warden intercepted and responded to a grievance directed to the Department of Corrections.

In so doing, plaintiff fails to state a claim for which relief may be granted. The narrowing of prisoner due process protections announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); See also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substance right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since plaintiff has no constitutionally protected right to a prison grievance procedure, the

Warden's "interference" with the grievance process did not amount to a violation of the Constitution or laws of the United States. Plaintiff's claim to the contrary is frivolous.

Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted pursuant to 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 23, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE