RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/19/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DEMETRIUS LATSON** | **CIVIL ACTION NO. 08-1962** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DENNIS V. JOHNSON, WARDEN** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Plaintiff Demetrius Latson's ("Latson") civil rights complaint. Latson alleges that "[m]y legal mail was open[ed] without my p[ermission] by Warden Dennis V. Johnson[. He] open[ed] my legal [mail] from DOC without me be[ing] in front of him[] and held my legal mail from Nov 14, 08 until Dec. 2, 08 and answered it himself and it was not for him to answer." [Doc. No. 1, p. 3]. Latson seeks the following relief: "to se[]n[d] me back to Bunkie Detention Center[] and for Warden Dennis V. Johnson to lose his []rank as...Warden." [Doc. No. 1, p. 4].

On April 23, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 7], recommending that his complaint be dismissed with prejudice as frivolous. Magistrate Judge Hayes characterized Latson's complaint as follows: "[Latson] implies that the defendant interfered with his legal mail; however, upon closer inspection, it appears that he is actually complaining that the Warden intercepted and responded to a grievance directed [by Latson] to the Department of Corrections." [Doc. No. 7, p. 3–4]. Magistrate Judge Hayes reasoned that since "[Latson] has no constitutionally protected right to a prison grievance procedure, the Warden's 'interference' with the grievance process did not amount to a violation of the Constitution or laws of the United States." [Doc. No. 7, p. 4–5].

To the extent that Latson alleges that the prison grievance process was violated, then the Court agrees that Latson fails to state a claim on which relief can be granted.

However, Latson's allegations are ambiguous and, therefore, do not necessarily preclude First Amendment claims. *See Brewer v. Wilkinson*, 3 F.3d 816, 820, 825–26 (5th Cir. 1993) ("A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Additionally, such interference may violate the prisoner's First Amendment right to free speech—i.e., the right to be free from unjustified governmental interference with communication."); *cf. Damm v. Cooper*, 288 Fed. Appx. 130, 132 (5th Cir. 2008) ("An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct. In other words, the prisoner must show that his legal position has been prejudiced." ); *Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005) (setting forth limitations on relief for violation of an inmate's First Amendment rights).

Because this Court must liberally construe Latson's *pro se* complaint, this matter is REMANDED to Magistrate Judge Hayes to issue an order directing Latson to amend his complaint in light of the foregoing analysis and to issue a supplemental Report and Recommendation based on the amended complaint.

The Court DEFERS issuing a judgment until the supplemental Report and Recommendation is issued.

MONROE, LOUISIANA, this 19 day of May, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2