RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/10/09
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DEMETRIUS LATSON | CIVIL ACTION NO. 08-1962 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DENNIS V. JOHNSON, WARDEN | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Plaintiff Demetrius Latson's ("Latson") civil rights complaint. On April 23, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 7], recommending that his complaint be dismissed with prejudice as frivolous. While the Court generally agreed with the Magistrate Judge, on review, the Court determined that Latson's allegations did not preclude a First Amendment claim. Therefore, on May 19, 2009, the Court remanded the case to Magistrate Judge Hayes to issue an order directing Latson to amend his complaint and to issue a supplemental Report and Recommendation based on the amended complaint. The Court deferred issuing a judgment until the supplemental Report and Recommendation issued.

On remand, Magistrate Judge Hayes issued a Memorandum Order [Doc. No. 9] directing Latson to amend his complaint no later than August 10, 2009.

However, instead, on August 9, 2009, Latson filed a motion to dismiss his case, stating only that he would "like to drop [his] case." [Doc. No. 10].

This is not the first time the Court has been faced with a prisoner who seeks to dismiss his case after an unfavorable report and recommendation has issued. The Court agrees with the recent decision of another district court that prisoners should not be allowed to violate the spirit, if not the

letter, of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, by tactics such as this. *See Stone v. Smith*, No. CV608-088, 2009 WL 368620 (S.D. Ga. Feb. 13, 2009). As the *Stone* Court explained:

> Rule 41(a)(1) states that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Plaintiff's complaint has not yet been served, much less answered. Thus, his motion would normally be treated as a notice of dismissal, resulting in the termination of the action without any consideration of its merits. *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (citations omitted) ("dismissal is effective immediately upon the filing of a written notice of dismissal, and ... [t]he fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence"). But plaintiff is a detainee who is subject to the provisions of the . . . [PLRA] . . ., and the PLRA prevents an automatic dismissal in this case.
>
> Congress enacted the PLRA to discourage prisoners from filing baseless lawsuits. *Crawford-El v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Specifically, Congress drafted the "three strikes" provision of 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed without the payment of a filing fee in federal court if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." . . .
>
> . . .
>
> Plaintiff's motion to dismiss was filed after the Court had screened his complaint pursuant to 28 U.S.C. § 1915A, found its allegations lacking, and recommended its dismissal as frivolous. Now that his trial balloon of a complaint has been punctured, plaintiff hopes to dismiss his case voluntarily before the district judge is afforded an opportunity to review and consider adopting the R & R. Through this stratagem, plaintiff endeavors to interrupt the PLRA-mandated screening process prior to accruing a strike for filing a legally insufficient complaint, thereby circumventing § 1915(g)'s three-strikes provision. As other courts have recognized, the PLRA does not permit this type of gamesmanship. "[A]llowing a prisoner to voluntarily dismiss a complaint . . . . after screening has been completed [would] allow prisoners to frustrate Congress's intent behind enacting the PLRA." *Hines v. Graham*, 320 F.Supp.2d 511, 526 (N.D. Tex. 2004); *Apel v. McCool*, 2007 WL 4592245, at \*1 (N.D. Fla. Dec. 28, 2007); *Young v. Leonard*, 2006 WL 3447662, at \*1 (S.D. Tex. Nov. 21, 2006); *Sumner v. Tucker*, 9 F.Supp.2d 641, 644 (E.D. Va. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this

system by filing a meritless action and waiting until after it was reviewed to move for its dismissal."); *see Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (noting that it would be inappropriate to grant a plaintiff's motion to voluntarily dismiss his case "after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position").

*Id.* at *1.

Both the Magistrate Judge and this Court have expended considerable time on Latson's case. After the Report and Recommendation issued, the Court remanded Latson's claims to the Magistrate Judge for further consideration to determine if he had any basis to support his First Amendment claims. Rather than amend his complaint, Latson attempts to dismiss his case. The Court can only assume that he does not have the information or evidence to support his claims.

The Court now turns to a consideration of the Magistrate Judge's April 23, 2009 Report and Recommendation. The Magistrate Judge characterized Latson's complaint as follows: "[Latson] implies that the defendant interfered with his legal mail; however, upon closer inspection, it appears that he is actually complaining that the Warden intercepted and responded to a grievance directed [by Latson] to the Department of Corrections." [Doc. No. 7, p. 3–4]. Magistrate Judge Hayes reasoned that since "[Latson] has no constitutionally protected right to a prison grievance procedure, the Warden's 'interference' with the grievance process did not amount to a violation of the Constitution or laws of the United States." [Doc. No. 7, p. 4–5]. To the extent that Latson has alleged that the prison grievance process was violated, the Court agrees with and ADOPTS the Magistrate Judge's Report and Recommendation and finds that Latson has failed to state a claim as a matter of law. This claim is DISMISSED WITH PREJUDICE.

Further, to the extent that Latson's claims implicate his First Amendment rights of access to the courts and freedom of speech, *see Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993), Latson

has failed to comply with the Memorandum Order to provide the Court with the necessary information to fully evaluate his claim. Under the standard set forth in *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992), the Court will dismiss Latson's First Amendment claims WITHOUT PREJUDICE for failure to comply with an order of the Court.

Finally, based on the foregoing, Latson's voluntary motion to dismiss [Doc. No. 10] is DENIED AS MOOT.

MONROE, LOUISIANA, this ____ day of September, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE